UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GERMAN RUIZ, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2641-M (BF) |
| § | |
| BANK OF AMERICA, N.A., § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 5], this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss ("Motion to Dismiss") [D.E. 6], and Plaintiff German Ruiz's ("Plaintiff") Motion to Amend Pleading [D.E. 11]. For the following reasons, the undersigned recommends that the Court DENY Defendant's Motion to Dismiss [D.E. 6] and GRANT Plaintiff's Motion to Amend Pleading [D.E. 11].[1]

**BACKGROUND**

This case stems from a mortgage loan Plaintiff obtained from Americahomekey, Inc. ("Americahomekey") in the amount of $85,877 for a residence located at 1830 S.E. 4th Street, Grand Prairie, Texas 75051. *See* Original Pet. [D.E. 1-3 at 2]; Note [D.E. 8-1 at 1]. The Deed of Trust associated with Plaintiff's mortgage loan was assigned to Defendant on March 12, 2012. *See* Assignment of Deed of Trust [D.E. 8-3]. Plaintiff contends that Defendant initiated foreclosure

---

[1]. Plaintiff's Motion to Amend Pleading [D.E. 11] is incorrectly titled "Motion for More Definite Statement." However, in the text of that document, Plaintiff asks the Court to deny Defendant's Motion to Dismiss, or in the event the Court finds that one or more of Plaintiff's claims are not properly pleaded, grant Plaintiff leave to amend his pleading. *See* Mot. to Amend Pleading [D.E. 11 at 1, 5 & 13].

proceedings while Plaintiff was waiting for Defendant to review Plaintiff's request for a loan modification when Defendant instructed Plaintiff not to make payments during the review process. *See* Original Pet. [D.E. 1-3 at 5-6]. On June 28, 2013, Plaintiff filed his Original Petition in the C-68th Judicial District Court of Dallas County, Texas on the following grounds: (1) Defendant does not have the authority to foreclose on the property because it is not the holder of the original note or in possession of it, and Defendant failed to follow the proper procedures in collecting the alleged debt; (2) Defendant committed fraud by making material misrepresentations regarding Defendant's ability and willingness to modify the note and accept mortgage payments; and (3) Defendant breached the Deed of Trust by failing to give Plaintiff an opportunity to cure and reinstate his note. *See id.* [D.E. 1-3 at 7-13].

On July 10, 2013, Defendant removed this action to this Court. Notice of Removal [D.E. 1]. On July 17, 2013, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") [D.E. 6]. Among other arguments, Defendant contends that Plaintiff's "show-me-the-note" and "split-note" theories were rejected in the Fifth Circuit decision, *Martins v. B.A.C. Home Loans Servicing, L.P.*, 722 F.3d 249, 253-56 (5th Cir. 2013). *See* Br. in Supp. of Mot. to Dismiss [D.E. 7 at 7]. On August 21, 2013, Plaintiff filed his response asking the Court to deny Defendant's Motion to Dismiss, or in the event the Court finds that one or more of Plaintiff's claims are not properly pleaded, grant Plaintiff leave to amend his complaint. *See* Resp. & Alternative Mot. to Amend [D.E. 11 at 1, 5 & 13]. On August 28, 2013, Defendant filed its Reply [D.E. 13].

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that

2

states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must be able to draw the reasonable inference from the pleading that Defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Defendant may seek dismissal under Rule 12(b)(6) if the pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678. However, the Court should allow Plaintiff at least one opportunity to cure pleading deficiencies before dismissing the case, unless the defects are clearly incurable or Plaintiff advises the Court that he is unwilling or unable to amend the pleading in a manner that will avoid dismissal. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, Plaintiff seeks permission from the Court to amend his complaint in conjunction with his response to Defendant's Motion to Dismiss. *See* Resp. & Alternative Mot. to Amend [D.E. 11 at 1, 5 & 13]. While the undersigned sees merit in the arguments raised in Defendant's Motion to Dismiss, Plaintiff should be given an opportunity to cure the pleading deficiencies prior to the dismissal of his case. Therefore, the undersigned recommends that the Court deny Defendant's Motion to Dismiss and give Plaintiff an opportunity to file an amended complaint.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Defendant's Motion to Dismiss [D.E. 6] and GRANT Plaintiff's Motion to Amend Pleading [D.E. 11].

**SO RECOMMENDED**, this 20th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).